**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

TERESA GILBERT,
               Appellant,

      v.

DEPARTMENT OF THE ARMY,
               Agency.

DOCKET NUMBER
DC-0752-16-0479-I-1

DATE: October 28, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kevin L. Owen</u>, Esquire, Silver Spring, Maryland, for the appellant.

<u>Michael J. McHugh</u> and <u>Paul L. Lee</u>, Fort Bragg, North Carolina, for the
    agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to VACATE the administrative judge's analysis concerning the validity of the settlement agreement and the voluntariness of the appellant's retirement, we AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant filed a Board appeal, which the parties settled. *Gilbert v. Department of the Army*, MSPB Docket No. DC-0752-15-0568-I-1, Initial Decision (0568 ID) at 1-2. After determining that the settlement agreement was voluntarily entered into, understood by the parties, and lawful on its face, the administrative judge dismissed the appeal as settled. *Id.* The parties expressly agreed not to enter the settlement agreement into the record for enforcement purposes.[2] Initial Appeal File (IAF), Tab 6 at 13, 15. The initial decision became final after neither party filed a petition for review. 0568 ID at 3.

---

[2] In the prior appeal, the administrative judge erroneously stated that she was entering the settlement agreement into the record, contrary to the intent of the parties. 0568 ID at 1-2; Initial Appeal File (IAF), Tab 6 at 13, 15. In the instant appeal, however, she correctly noted this error and, consistent with the parties' intentions, found that the agreement was not to be entered into the record for enforcement purposes. IAF, Tab 9 at 1; IAF, Tab 14, Initial Decision at 1-2; *see Walker-King v. Department of Veterans Affairs*, 119 M.S.P.R. 414, ¶¶ 9-10 (2013) (finding that because the settlement agreement is a contract it is to be interpreted consistent with the intent of the parties).

¶3        In relevant part, the agency agreed to consider the appellant's request to retire pursuant to a Voluntary Early Retirement Authority or Voluntary Separation Incentive Payment Authority and to pay her two lump sum payments and attorney fees. IAF, Tab 6 at 13-14. After the appellant allegedly failed to receive any payments, she filed a Board appeal claiming that the agency's promise to pay was misleading and that she retired in detrimental reliance on this promise. IAF, Tab 1 at 6, Tab 10 at 6-7. She filed an additional pleading, alleging that the agency's failure to adjust her leave and to provide her with a clean record, as promised, similarly rendered her retirement involuntary. IAF, Tab 12 at 5-6. She contended that her appeal was timely filed. IAF, Tab 8 at 5-6.

¶4        After the appellant clarified her intent to file an involuntary retirement claim, the administrative judge notified the appellant of her jurisdictional burden and provided the parties an opportunity to respond. IAF, Tab 1 at 2, Tabs 2-3, 9. Both parties responded. IAF, Tabs 10-11. The administrative judge then dismissed the appeal for lack of jurisdiction, without holding the requested hearing. IAF, Tab 1 at 2, Tab 14, Initial Decision (ID) at 1, 8. She found that because the appellant was raising noncompliance claims, as opposed to challenging the validity of the settlement agreement, her allegations were more appropriate for a petition for enforcement. ID at 4-5. She then analyzed the appellant's allegations of agency noncompliance with the lump sum payment provision as an involuntary retirement claim. ID at 5-8. She found that the appellant failed to raise a nonfrivolous allegation of Board jurisdiction over that claim because she did not demonstrate that the agency's actions rendered the terms of the agreement misleading. ID at 6-7. In making these findings, the administrative judge did not consider the appellant's final response to the jurisdictional order because she determined that it was filed after the record closed and the agency did not submit any new evidence or make any new arguments warranting further reply. ID at 4.

¶5     The appellant has filed a petition for review of the initial decision.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response, to which the appellant has replied.  PFR File, Tabs 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6     On review, the appellant alleges that the administrative judge erred in adjudicating her involuntary retirement appeal as a petition for enforcement.  PFR File, Tab 1 at 5-6.  She also disputes the administrative judge's finding that she failed to nonfrivolously allege Board jurisdiction over her involuntary retirement claim.  *Id.* at 6-10.  She further alleges that the administrative judge improperly excluded her additional jurisdictional response from consideration, as it was timely submitted before the close of the record.  PFR File, Tab 1 at 4, 8, Tab 5 at 4-5.

¶7     The record reflects that the appellant, a registered e-filer, submitted her additional response to the Board's e-Appeal repository on the day the record closed.  IAF, Tab 1 at 2, Tab 9 at 4, Tabs 11-12.  The date of filing by e-file is the date of electronic submission.  5 C.F.R. §§ 1201.4(*l*), 1201.14(m)(1).  Thus, we find that the appellant's response was timely filed and consider it on review.  However, we find that the appellant's allegations do not provide a basis for finding Board jurisdiction over her retirement.  *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights does not provide a basis for reversal of an initial decision).

¶8     We discern no error with the administrative judge's finding that to the extent that the appellant's allegations may constitute a petition for enforcement, the Board lacks jurisdiction over such an appeal because the settlement agreement

was not entered into the record for enforcement purposes.[3] ID at 5; *Barker v. Department of Agriculture*, 100 M.S.P.R. 695, ¶ 6 (2006).

¶9    The appellant reargues on review that she intended to file an involuntary retirement appeal, not a petition for enforcement. IAF, Tab 1 at 6, Tab 3 at 4; PFR File Tab 1 at 5. The Board has jurisdiction over a retirement appeal if the appellant shows by preponderant evidence that the retirement was involuntary and therefore tantamount to a removal. *Freeborn v. Department of Justice*, 119 M.S.P.R. 290, ¶ 9 (2013). However, an appellant who has retired pursuant to a settlement agreement cannot prevail on her involuntary retirement claims without first convincing the Board that the agreement and the initial decision finding it valid should be set aside. *Mahoney v. Department of Labor*, 56 M.S.P.R. 69, 72 (1992). Therefore, contrary to the administrative judge's determination, we find that, by alleging that the agency's misleading statements about the settlement agreement's terms induced her into retiring, the appellant is challenging the validity of the settlement agreement. ID at 5.

¶10   The appellant may challenge the validity of the settlement agreement, regardless of whether it has been entered into the record for enforcement purposes. *Barker*, 100 M.S.P.R. 695, ¶ 4. However, the administrative judge lacked the authority to reopen the settlement agreement once the initial decision was issued. *Mahoney*, 56 M.S.P.R. 69, 73 n.2; *see Carroll v. Office of Personnel Management*, 114 M.S.P.R. 310, ¶ 9 (2010) (finding that the authority to reopen or reinstate appeals in which there has been a final Board decision is reserved for the Board). Thus, any attack on the validity of a settlement agreement must be

---

[3] The Board lacks enforcement authority over the settlement agreement because the parties agreed not to enter it into the record for enforcement purposes and not, as the appellant contends, because the Board made no prior jurisdictional finding concerning the underlying action that was the subject of the appeal. PFR File, Tab 1 at 6; *see Delorme v. Department of the Interior*, 124 M.S.P.R. 123, ¶¶ 16, 21 (2017) (finding that the Board retains enforcement authority over settlement agreements entered into the record for that purpose, independent of a prior finding of jurisdiction over the underlying action).

made in the form of a petition for review of the initial decision that dismissed the case as settled. *Weldon v. Department of Veterans Affairs*, [119 M.S.P.R. 478](#), ¶ 5 (2013). Because the appellant retired pursuant to a settlement agreement in the course of her prior Board appeal, she may not collaterally attack the validity of the agreement in this involuntary retirement appeal filed at the regional office level. *Mahoney*, 56 M.S.P.R. at 72.

¶11 Accordingly, we vacate those portions of the initial decision addressing the validity of the settlement agreement and the voluntariness of the appellant's retirement. We affirm, as modified, the initial decision dismissing the appellant's involuntary retirement appeal for lack of jurisdiction. To the extent that the appellant is challenging the validity of the settlement agreement, she may file a separate petition for review of the initial decision issued in *Gilbert v. Department of the Army*, MSPB Docket No. DC-0752-15-0568-I-1. We note, however, that such petition for review would likely be untimely and require explanation for the delay in filing.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. [5 C.F.R. § 1201.113](#). You may obtain review of this final decision. [5 U.S.C. § 7703](#)(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. [5 U.S.C. § 7703](#)(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The


Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.


FOR THE BOARD: /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.